HUTCHINSON CONSULTANTS, PC, Dr. Leslie Hutchinson, Plaintiffs–Appellants,

v.

FEDERAL OCCUPATIONAL HEALTH, et al, Defendants,

John or Jane Doe, an employee of Federal Occupational Health, a Non–Appropriated Agency within the United States Department of Health and Human Services, in his or her individual capacity, Tisha Marie Titus, M.D., Richard J. Miller, M.D., Defendants–Appellees,

STG International, Inc., Interested Party.

No. 15–11817.

United States Court of Appeals, Eleventh Circuit.

Dec. 17, 2015.

Earnest Ray Stanford, Jr., Baylor B. Banks, Stanford IO Law Group, LLC, Atlanta, GA, for Plaintiffs–Appellants.

Robert David Powell, Lori Beranek, Sally Yates, U.S. Attorney's Office, Atlanta, GA, for Defendants–Appellees.

Robert Lawrence Ashe, Jr., Peter F. Busscher, Parker Hudson Rainer & Dobbs, LLP, Atlanta, GA, for Interested Party.

Before WILSON and WILLIAM PRYOR, Circuit Judges, and BUCKLEW,* District Judge.

---

* Honorable Susan C. Bucklew, United States District Judge for the Middle District of Flori-  da, sitting by designation.

PER CURIAM:

This case came before the Court for oral argument. The appeal presented the following issues:

(1) Whether Plaintiffs pleaded facts sufficient to allege deprivation of a property interest in violation of the substantive component of the Due Process Clause of the Fifth Amendment.

(2) Whether Hutchinson pleaded facts sufficient to allege Defendants deprived him of his liberty interest in reputation in violation of the substantive component of the Due Process Clause of the Fifth Amendment.

(3) Whether Plaintiffs pleaded facts sufficient to allege deprivation of a property interest and liberty interest without adequate process in violation of the Due Process Clause of the Fifth Amendment.

(4) Whether Plaintiffs pleaded facts sufficient to allege violation of the equal protection component of the Fifth Amendment's Due Process Clause.

(5) Whether the district court erred in dismissing as moot Plaintiffs' Motion to Join STG as a Necessary Party and Motion for Leave to File a Third Amended Complaint.

(6) Whether the district court erred in dismissing defendant Doe.

(7) Whether the district court erred in failing to provide Plaintiffs with additional opportunity to be heard before issuing its basis for dismissal.

(8) Whether qualified immunity insulates the remaining Defendants from suit.

After carefully considering the law, the record, the parties' briefs, and after oral argument, we hold there is no reversible error.

AFFIRMED.